IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HENRY L. LESTER,

    Plaintiff,

VS.

ALEXIS E. L. CHASE, WARDEN, *et al.*,

    Defendants.

NO. 5:09-CV-412 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is a motion seeking dismissal of the above-captioned action filed by defendants Alexis E.L. Chase, Calvin Ramsey, and Edward Burnside. Tab #12. Plaintiff Henry L. Lester was directed to file (Tab #15) and has filed a response (Tab #20) to this motion. The defendants filed a reply. Tab #23. The motion is now ripe for review.

## PROCEDURAL BACKGROUND

Plaintiff Lester filed the above-captioned lawsuit alleging that his Eighth Amendment rights are being violated by each of the above-named defendants. Tab #1. More specifically, the plaintiff claims that the defendants have been repeatedly deliberately indifferent to his various medical needs. Owing to these alleged violations, and by way of relief, he demands significant monetary damages and injunctive relief.

In response, the defendants moved for dismissal. Therein, they contend, *inter alia*, that the action should be dismissed because the plaintiff, who is proceeding *in forma pauperis*, has (1) previously accrued three strikes according to the provisions of 28 U.S.C. §1915(g); (2) has failed to sufficiently to state an Eighth Amendment claim of medical deliberate indifference; and, (3) contrary to the provisions of 42 U.S.C. § 1983, is attempting to establish liability on the theory of vicarious liability.

# **LEGAL STANDARDS**

## A. MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## B. MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991).[1] Moreover, *Estelle* specifically states that the question of whether additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93.

## DISCUSSION

In his complaint, plaintiff Lester alleges that, contrary to his constitutional rights, the defendants have (1) refused to follow certain treatment recommendations allegedly made by a specialist who examined him prior to his arrival at the defendants' facility; (2) repeatedly refused to refer and/or transport him for further examination and treatment by outside specialists; (3) provided him with what he believes are ineffective treatments; and, (4) improperly required him to make medical co-pays for the provided treatments.

In response, and in their motion seeking dismissal, the defendants aver that the assertions that make up the plaintiff's complaint demonstrate that he has been continually provided with a wide array of medical care and treatment. Moreover, they go on to argue that further examination of these assertions reveal that the plaintiff's claims consist only of his disagreement with the course of treatment he is being provided, not the lack thereof. Applying these arguments to the controlling law cited above, the defendants conclude that the plaintiff has failed to state a claim and that, as such, their motion seeking dismissal should be granted. The undersigned agrees.

---

1 Vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.\* (11th Cir. 1994).

After careful consideration of the law and the record in this case, the undersigned finds the defendants' arguments persuasive. Allowing a 42 U.S.C. §1983 action to proceed based upon an inmate's dissatisfaction with the course of medical treatment he is receiving in prison would be improper. This is because, under the law, such assertions do not establish a claim of medical deliberate indifference. *See Estelle, supra*, at 292-93. Accordingly, **IT IS RECOMMENDED** that defendants' motion seeking dismissal be **GRANTED** and this action **DISMISSED**.[2]

Also before the court is the plaintiff's MOTION FOR PRELIMINARY INJUNCTION. Tab #7. In view of the above, **IT IS RECOMMENDED** that this motion be **DENIED** as **moot**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 16th day of JULY, 2010.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned acknowledges that much attention was given by the parties to the issues of collateral estoppel, statute of limitations, claims of vicarious liability, and the plaintiff's three previous "strikes". However, given the inadequate pleadings proffered by the plaintiff in an effort to state an Eighth Amendment claim of medical deliberate indifference, discussion and/or analysis of these issues appears unnecessary.